IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:17-cv-21881-MARTINEZ-OTAZO-REYES

PEACE UNITED, LTD.,

    Plaintiff,
v.

1906 COLLINS LLC and
MATHIEU MASSA,

    Defendants.
_____/

## JOINT STATUS REPORT

Plaintiff, Peace United, Ltd. and Defendants 1906 Collins LLC and Mathieu Massa, through their respective counsel, file this Joint Status Report pursuant to the Court's Order dated May 11, 2021 requiring the parties to provide the status of the current proceedings [ECF No. 206].

**I.**     **Status of Current Proceedings**

The Court's Order Staying and Administratively Closing Case [ECF No. 203] ordered that the case is stayed pending the filing of a joint status report which was filed on October 10, 2019, See, Joint Status Report on French Litigation, [ECF No. 204]. This was the last filing until Plaintiff filed notice indicating that the French proceedings have not concluded. [ECF No. 205]. The Court has now ordered the parties to file a Joint Status Report. The parties have worked together to file this Joint Status Report, but because they disagree on some of the issues, including whether the current stay should be lifted or maintained, some portions of this report are divided by Plaintiff's statement and Defendants' corresponding statement.

II.     **Status of French Commercial Court Case**

**Plaintiff's statement:**

Following the affirmance by the Paris Court of Appeal, the parties tried their case before the Commercial Court of Paris for the determination of the merits of Plaintiff's claims.

**Judgment in Favor of Plaintiff PEACE UNITED, LTD**.

The French Proceedings concluded with a judgment in favor of the Plaintiff, PEACE UNITED, LLC. The judgment of the Commercial Court of Paris addressed a number of issues raised by Defendants in this United States District Court, both as to Defendants' defenses to this claim, as well as on the Defendant's counterclaim before this court, alleging a breach of contract. The judgment of the Commercial Court of Paris dismissed the claims by 1906 COLLINS, LLC in the French litigation, including 1906 COLLIN's objection based on non-performance, finding that Plaintiff PEACE UNITED, LTD. performed its contractual obligations to Defendant 1906 COLLINS, LLC, ruled that 1906 COLLINS, LLC formally acknowledged the termination of the license agreement through fault of COLLINS as from April 28, 2017 in application of the termination clause provide[d] for under Article 15 of the license agreement. See Commercial Court of Paris, Judgment at page 12. [D.E. 205-1; 205-2].

In effect, the findings of the Commercial Court of Paris contradict the later-filed affirmative defenses and counterclaim by the Defendant(s) in this action, all of which are based on the alleged failure of Peace United, Ltd.'s affirmative defenses to Plaintiff's claims in this action, but also of the Counterclaim filed by the Defendants. See, [D.E. 68].

The Commercial Court of Paris also ordered what has been translated into English as "interim remedy" which in substance means the Plaintiff PEACE UNITED, LTD. may proceed to execution on the judgment.  Florida's enactment of the Uniform Out-of-Country Foreign

Money Judgment Recognition Act applies to any out-of-country foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal.  See, Fla. Stat., §55.603.  Further, the legislation does not provide for non-recognition on any ground raised by Defendant in this Joint Status Report,  See, Fla. Stat., §55.605.  Plaintiff maintains that this Court can and should give recognition to the judgment of Commercial Court of Paris between these parties as a matter of "res judicata" or the like with regard to the Defendant's affirmative defenses and counterclaim, and would take the opportunity to brief those issues if required by the Court.  Finally, Defendant provides no basis for the assertion that the judgment of the Commercial Court of Paris will be "likely reversed and overturned."

**Defendant's statement:**

The Order of the French Commercial Court of Paris 3rd Division was issued April 15, 2021 (French Commercial Court Order) and this order is not final and is subject to appeal.  The French Commercial Court Order notes that it is subject to appeal [ECF No. 205-2; p. 6,14]. The French Commercial Court Order will be appealed by Defendants pursuant to the applicable appeal rules that apply in France.  Therefore, the French Commercial Court Order by its very own wording confirms that an appeal is a right in the case. Thus, the French Commercial Court Order is appealable and **does not** provide a resolution to the litigation between the parties.  It is disingenuous for Plaintiff to deny this fact and argue otherwise.  Moreover, it would not only be prejudicial to Defendants --- it is a waste of judicial resources for this Court or the parties to use the French Commercial Court Order in any way as precedence when such Order will be appealed and likely reversed and overturned.

Further, as noted by the Court in the Order Staying and Administratively Closing the

Case, Plaintiff requested a stay of the case pending **resolution** of the litigation between the parties in the French Commercial Court. [ECF No. 203]  A resolution of the litigation between the parties **has not** occurred and it is premature and prejudicial for this Court to lift the stay when the appeal will be filed and further litigated by the parties, not to mention that the purpose behind the stay was to avoid any duplication of judicial efforts and resources.

Therefore, the French Proceedings **have not** concluded as represented by Plaintiff and a "judgment" is not issued and not final until after appeals are exhausted. It is a misrepresentation to state otherwise and surely if the tables were turned and the French Commercial Court Order was not in favor of Plaintiff, Plaintiff would be arguing to this Court the opposite of their current position.

Defendants respectfully urge the Court not to lift the stay and to maintain the stay during the appeal process of the French Commercial Court Order.  Should the Court be inclined to rule otherwise, the Defendants request the Court to allow the parties the time to present briefs to the Court on this issue in further detail, including any further discovery that may be necessary under the circumstances or further briefing as allowed by the Court.  For example, Plaintiff essentially argues to the Court that the French Commercial Court Order which is a ruling by a French Court under French Laws affects how this Court will apply US law and specifically issues of trademark ownership and trademark infringement, even though trademark rights are territorial and not worldwide.

As to the recognition and enforcement of the French Commercial Court Order or the application of the Florida Statutes governing procedures under Fla. Stat. § 55.604 none of those issues are before the Court at this time. Plaintiff does not deny the appealability of the merits of same nor does Plaintiff fully explain the procedure governing the enforcement of foreign

judgments. Florida Statutes defines a procedure for the enforcement of foreign judgments, which includes a notice period, an objection period, as well as a hearing to "determine the issues, and enter an appropriate order granting or denying recognition in accordance with the terms of th[e] act." Fla. Stat. § 55.604. Of course, the court that ultimately determines that issue (which would be a separate proceeding in state or federal court) may decline to enforce the judgment and Plaintiff's suggestions on enforceability are premature. At the very least, if Plaintiff is attempting to enforce a foreign money judgment, that has nothing to do with the substantive merits of this trademark infringement action. Thus, the French Commercial Court Order provides no basis for the Court to lift the stay.

### III. Issues Remaining to be Litigated

**Plaintiff's Statement**

Prior to the Court's Order Staying and Administratively Closing Case, there remained pending before the Court the parties' respective Motions for Summary Judgment (D.E. 94, 96, 100), along with the responses in opposition (D.E. 107, 109) and replies (D.E. 117, 119) thereto including statements of material facts in support of (D.E. 95, 97, 101, 118), and in opposition (D.E. 108, 110, 118) to the said dispositive motions.

Additionally, the case was set for trial to be held in January 2019, but the calendar call and trial date were cancelled by a paperless Order Cancelling Calendar Call & Trial Date, dated 12/12/2018. [D.E. 137].

In view of the then-impending trial date, Defendants filed under seal a number of motions in limine of trial, see [D.E. 124-133]. Plaintiff filed a motion in limine under seal, [D.E. 134] filed responses, also under seal, to the motions in limine. See, [D.E. 143-153]. The motions in limine were referred to the Magistrate Judge by Order of Reference to Magistrate Judge. [D.E.

142].

**Defendant's statement:**

It is Defendants' position that this case should remain stayed pending the final resolution after appeals are exhausted. Once the appeals are completed, Defendants' believe that the Court should enter a revised scheduling order in this case. Should the Court lift the stay, Defendants will be prejudiced and will seek review.

If for any reason, the Court is inclined to lift the stay at this time, a ruling in which Defendants' believe is not correct, prejudicial and a waste of judicial resources, Defendants' request that that the Court allow the parties to try to meet and confer on a revised scheduling order to present to the Court for consideration. Because the below pending motions may need revisions, Defendants' believe that the below listed pending motions should be stricken and to allow the parties to refile any motions in line with any revised scheduling order entered by the Court and/or agreed to by the parties.

The following motions/issues are pending:

| Motion/Issue | ECF No. |
|---|---|
| Defendants' Motion for Summary Judgment | 94, 95 |
| Plaintiff's Motion for Summary Judgment I and VII | 96, 97 |
| Plaintiff's Motion for Summary Judgment on Counts I and II | 100 |
| Defendants' Motion for Bench Trial | 122, 201 |
| Defendants' Motions in Limine 1-10 | 124 to 133 |
| Plaintiff's Motion in Limine | 134 |
| Plaintiff's Motion for Preliminary Injunction | 195 |
|  |  |

May 18, 2021

Respectfully submitted,

| David S. Willig Chartered<br>2837 SW 3rd Ave<br>Miami, FL 33129-2316<br>Office: 305-860-1881 | DICKINSON WRIGHT PLLC<br>350 East Las Olas Blvd. Suite 1750<br>Fort Lauderdale, FL 33301<br>Direct: 954.991-5444 |

| | |
|---|---|
| By /s/ David S. Willig<br>Florida Bar No. 779539<br>dswillig@aol.com<br>*Attorneys for Plaintiff* | Office:  954.991-5420<br>By /s/  Catherine Hoffman<br>Catherine F. Hoffman<br>Florida Bar No. 828459<br>Vijay G. Brijbasi<br>Florida Bar No. 15037<br>choffman@dickinsonwright.com<br>vbrijbasi@dickinsonwright.com<br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021 the foregoing document was filed with the Clerk of the Court. I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/David Willig
David Willig