UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 17-21881-CIV-MARTINEZ-BECERRA

PEACE UNITED, LTD.,

    Plaintiff,

vs.

1906 COLLINS, LLC and MATHIEU MASSA,

    Defendants,
_____/

**ORDER ON MOTION TO STRIKE JURY DEMAND**

**THIS MATTER** comes before the Court on Defendants 1906 Collins, LLC and Mathieu Massa's Motion to Strike Jury Trial Demand. (ECF No. 278). Defendants argue Plaintiff Peace United Ltd. does not have the right to a jury trial because Peace is only entitled to equitable relief on its trademark infringement and unfair competition claims. (*Id.* at 2). In response, Peace asserts that it is entitled to recover both actual damages in the form of a reasonable royalty and the equitable disgorgement of profits. (ECF No. 297).

A plaintiff is entitled to a jury trial under the Seventh Amendment of the U.S. Constitution or pursuant to a federal statute. *See* Fed. R. Civ. P. 38. The Seventh Amendment of the U.S. Constitution provides for jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has established a two-part test to determine whether a plaintiff is entitled to a jury trial: (1) whether the action "is 'analogous' to a claim that would have been brought in the English law courts at common law" or "if the claims sounded in equity or admiralty"; and (2) whether the remedy sought is legal or equitable in nature.

1

*See Tull v. United States*, 481 U.S. 412, 417–18 (1987); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352 (11th Cir. 2019).  To be entitled to a jury trial, the plaintiff must assert a common law claim and be entitled to a legal remedy.  *See Hard Candy*, 921 F.3d at 1352–53. Applying the test here, the first prong is "indeterminate" "because when the Seventh Amendment was ratified trademark rights had 'been long recognized by the common law and the chancery courts of England.'"  *Id.* at 1355.  Thus, Peace's right to a jury trial turns on the second prong, the nature of the remedy, which is the "[m]ore important" consideration.  *See Curtis v. Loether*, 415 U.S. 189, 196 (1974).

Both equitable and legal remedies are available under the Lanham Act.  *See* 15 U.S.C. § 1117(a).  Here, Peace asserts that it is entitled to both the disgorgement of profits from Defendants' alleged misuse of Peace's trademarks and actual damages in the form of reasonable royalty fees. (*See* Resp. at 5, ECF No. 297).  Disgorgement of profits is an equitable remedy, *Waldrop v. S. Co. Servs.*, 24 F.3d 152, 157 (11th Cir. 1994), while actual damages are a legal remedy, *see Hard Candy*, 921 F.3d at 1358. To support its claim for actual damages, Peace points to the licensing agreement between its predecessor-in-interest and 1906 Collins, which Peace asserts entitles it to a royalty payment.  (TAC ¶ 10, ECF No. 340).  "The use of lost royalties to determine the actual damages incurred by a victim of trademark misuse is well established by this court." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519–20 (11th Cir. 1990); *see also Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986) ("Royalties normally received for the use of a mark are the proper measure of damages for misuse of those marks.").  With these principles in mind, the Court finds that the licensing agreement provides adequate support for Peace's claim for actual damages and, corresponding, to Peace's right to a trial by jury.

Defendant argues that allowing Peace to recover for disgorgement and actual damages would amount to a double recovery. But "if a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, *including all issues common to both claims*, remain intact." *Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974) (emphasis added); *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) ("The necessary prerequisite to maintain a suit for an equitable [remedy] . . . is . . . the absence of an adequate remedy at law."); *Choice Hotels Int'l, Inc. v. Key Hotels of Atmore II*, No. 16-cv-452, 2017 U.S. Dist. LEXIS 222711, at *11 (S.D. Ala. Aug. 18, 2017) (recognizing that the "recovery of lost royalties by a victim of trademark infringement is the preferred award of damages"). As to Defendants' argument that Peace has not presented evidence of actual damages, the royalties purportedly owed to Peace under the licensing agreement can provide the jury with adequate information to calculate damages. *See N. Atl. Operating Co. v. Hammad Enters.*, No. 19-60200, 2020 U.S. Dist. LEXIS 50182, at *8 (S.D. Fla. Jan. 15, 2020); *ADT LLC v. Vivint, Inc.,* No. 17-cv-80432, 2017 WL 8404330, at *7 (S.D. Fla. Nov. 20, 2017).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Strike the Jury Demand, (ECF No. 278), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of June, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record