UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number:  17-21881-CIV-MARTINEZ-BECERRA

PEACE UNITED, LTD.,
    Plaintiff,

vs.

1906 COLLINS, LLC and MATHIEU MASSA,
    Defendants,
_____/

## ORDER ON MOTION TO CONTINUE

**THIS MATTER** came before the Court on Defendants' Motion to Reset Trial or in the Alternative Bifurcate and/or Provide for Limited Discovery ("Motion to Continue").  (ECF No. 346).  Trial in this case is approximately one month away.  Defendants move to continue trial "in large part due to the significant medical issues with some attorneys on the case and family obligations with caring for family members with late stage terminal illness[.]"  (*Id.* at 1).  Specifically, "one of the defense lawyers . . . is on indefinite medical leave," "another defense lawyer on this case . . . has a terminally ill stepfather with stage-4 liver cancer," and "Defendant Mathieu Massa's mother has terminal advanced inoperable lung cancer [] and she is declining in health[.]"  (*Id.* at 2).  Defendants also filed a supplement to their Motion to Continue informing the Court that the stepfather of non-lead counsel for Defendants has passed away.  (ECF No. 354).

While sympathetic to the health conditions of Defendants' attorneys and Mr. Massa's mother, it is unclear from Defendants' Motion to Continue when those health conditions will be resolved.  Moreover, both of Defendants' lead attorneys are in good health, have continued litigating this case, and have not suffered any recent family losses.  (*See id.* at 3).  In addition, this case has been pending for over five years and is on the eve of trial.  Since reopening this case, the

Court has continued trial twice. If Defendants are indeed infringing on Plaintiff's marks, as Plaintiff contends, any continued delay in this case corresponds with continued infringement of the marks. In combination with the Court's upcoming criminal and trial schedule, the Court declines to continue trial again.

In the alternative to continuing trial, Defendants request the Court bifurcate the trial on the issues of (1) the ownership of the trademarks, and (2) trademark infringement. (*Id.* at 7). The Court disagrees that bifurcation would "promote simplicity"; instead, it would cause the opposite. Ownership is part of a trademark infringement claim, and if a jury decides that Plaintiff owns the trademarks, having a second panel decide whether infringement occurred would lead to confusion and could prejudice Plaintiff's case. Moreover, much of the same evidence, witnesses, and argument would be presented in both trials if the Court bifurcated these issues. In sum, bifurcation would not promote a fair or efficient resolution of this case.

In the second alternative, Defendants request limited discovery on "Plaintiff's request [in its Motion in *Limine*] for PPP/RRF loan testimony" and on Defendants' "late production of documents and exhibit list reflecting many documents with no bates stamp numbers and lack of production of certified translations[.]" (*Id.* at 8). These discovery issues should be raised with Judge Becerra if they cannot be resolved first in good faith between the parties.

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Continue, (ECF No. 346), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of June, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra & All Counsel of Record