UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 17-21881-CIV-MARTINEZ

PEACE UNITED, LTD.,

    Plaintiff,

v.

1906 COLLINS, LLC and MATHIEU MASSA,

    Defendants.
_____/

**ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion in Limine, (ECF No. 329), and Defendants' Motion in Limine, (ECF No. 328). After careful consideration, the Court rules as follows.

**I.    LEGAL STANDARD**

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, No. 08-cv-20937, 2009 U.S. Dist. LEXIS 139933, at *4 (S.D. Fla. April 13, 2009) (citations omitted). Yet, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (internal citations omitted); *see also O'Bryan v. Joe Taylor Restoration*, No. 20-cv-80993, 2021 U.S. Dist. LEXIS 212112, at *1 (S.D. Fla. June 3, 2021) ("Motions in limine are best limited to those issues that the mere mention of which would deprive a party of a fair trial."). A court, therefore, "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (citation omitted). "If

evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray*, 2009 U.S. Dist. LEXIS 139933, at *5. The burden of demonstrating that the evidence is inadmissible on any relevant ground rests with the movant. *Id.* (citation omitted). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Mowbray*, 2009 U.S. Dist. LEXIS 139933, at *5 (quoting *Luce v. United States*, 469 U.S. 38, 42 (1984)). In the same vein, "limine motions that are granted are done so without prejudice to the adverse party's proffering the evidence, outside the presence of the jury" and "[l]imine motions that are denied are done so without prejudice to the movant's renewing the objection, if and when the objected-to evidence is offered at trial." *O'Bryan*, 2021 U.S. Dist. LEXIS 212112, at *1–2.

II.   **DISCUSSION**

A.   **Plaintiff's Motion in Limine**

Plaintiff makes five requests in its Motion in Limine. (ECF No. 329). The Court's ruling on each request is as follows:

2.   **Request No. 1** – Defendants are Estopped from Introducing Evidence and Argument that Peace United is Not the Owner of the Trademarks:

> **Denied**. Ownership is a substantive issue of this case that should be resolved by a jury. *See Xtec, Inc. v. CardSmart Techs., Inc.*, No. 11-22866, 2014 U.S. Dist. LEXIS 184597, at *4 (S.D. Fla. Dec. 2, 2014) ("A motion in limine is not a second chance to resolve or narrow substantive issues for trial or to test issues of law.") (denying motion to exclude all testimony and evidence of plaintiff's alleged

ownership, development, sale, and licensing of [computer software] because such request "is tantamount to a new motion for summary judgment").

3. **Request No. 2** – Evidence, Testimony, and Argument Regarding Defendants' Unpled Counterclaims and Affirmative Defenses – Particularly an Unpled Conspiracy Claim – Must Be Excluded to Avoid Undue Confusion, Prejudice, and Delay:

> **Granted**. Defendants cannot raise unpled affirmative defenses or counterclaims at trial. *See Stepanovich v. Bradshaw*, No. 14-cv-270, 2017 U.S. Dist. LEXIS 230106, at *6 (M.D. Fla. Feb. 3, 2017) (granting motion in limine to preclude defendant from raising unpled affirmative defenses); *Regions Bank v. Kaplan*, No. 12-cv-1837, 2016 U.S. Dist. LEXIS 57546, at *8 (M.D. Fla. Apr. 29, 2016) (granting motion in limine to exclude evidence or argument relating to unpled legal theories).

4. **Request No. 3** – Evidence, Testimony, and Argument in Contradiction of the Final Rulings of French Tribunals Must be Excluded:

> **Deferred**. The Court may allow the impeachment of evidence presented in contradiction of the April 15, 2021 ruling from the French Tribunal ("April 2021 Ruling"). *See Macuba v. DeBoer*, 193 F.3d 1316, 1324 (11th Cir. 1999) (explaining that hearsay can be "used solely for impeachment purposes (and not as substantive evidence)")

5. **Request No. 4** – Evidence, Testimony, and Argument That Plaintiff Lacks Standing Due to Shenghuo Connexcion Agreement Must Be Excluded to Avoid Undue Confusion, Prejudice, and Delay:

> **Granted** to the extent Defendants seek to argue that the 2015 Agreement between Peace and Shenghuo was an assignment, rather than a license. (*See* ECF No. 371 at 12–13).

6. **Request No. 5** - Defendant Massa's Misappropriation of Paycheck Protection Program ("PPP") and Restaurant Revitalization Fund ("RRF") Loans Received Under False Pretenses Is Relevant and Admissible:

> **Denied**. Federal Rule of Evidence 608(b) provides that the Court may permit "specific instances of a witness' conduct" to be subject to cross-examination if such instances "are probative of the character for truthfulness or untruthfulness of [] the witness." Fed. R. Evid. 608(b). "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994). Although the conduct need not have resulted in a criminal conviction, there must be a "good faith factual basis" for believing that it occurred. *United States v. Adair*, 951 F.2d 316, 319 (11th Cir. 1992). At this point, the Court finds that evidence of Massa's purported PPP and RRF fraud has "the potential for confusion of the issues, misleading the jury, [] needlessly wasting time . . . [and] the danger that the jury will infer more from [Plaintiff's] cross-examination than is fairly inferable." *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-cv-2885, 2022 U.S. Dist. LEXIS 68513, at *20–21 (N.D. Fla. Apr. 13, 2022).

B. **Defendants' Motion in Limine**

Defendants makes ten requests in their Motion in Limine. (ECF No. 328). The Court's ruling on each request is as follows:

1. **Request No. 1** – Exclusion of evidence/testimony/argument that there is any breach, liability or infringement for bǎolì or the word mark BAOLI:

    **Granted.** Based on the record before the Court, Shenghuo Connexion SA appears to be the owner of bǎolì (U.S. Registration No. 5169428). (*See* Expert Report Nancy Flint at 13, ECF No. 215-2; *Id.* at Exhibit E); *see also* 15 U.S.C. § 1057 ("A certification of registration of a mark upon the principal register provided by this Act shall be prima facie evidence . . . of the owner's ownership of the mark[.]"). The Court has no authority to adjudicate any purported misuse of a non-party's trademark. *See Risk Ins. &* Reinsurance *Solutions v. R + V Versicherung*, No. 04-cv-61119, 2007 U.S. Dist. LEXIS 112515, at *17 (S.D. Fla. June 6, 2007) ("The only other evidence of damages involves alleged losses to Risk USA. However, Risk USA is not a party to this lawsuit and Risk Florida cannot recover for alleged damages to a non-party."). To the extent there is a dispute as to Peace and Shenghuo's ownership of bǎolì (U.S. Registration No. 5169428) that must be resolved in order to adjudicate Plaintiff's claims as to that mark, the Court notes, without deciding, that Shenghuo may become an indispensable party. (*See* Resp. at 14, ECF No. 339 ("Peace United's common law rights in the Baoli trademark do not rely on the Shenghuo Registration, but instead stem from common law use in commerce.")).

2. **Request No. 2** – Exclusion of evidence/testimony/argument that any facts or circumstances outside the US, venue, use of the marks outside of U.S. and/or for exclusion of any findings or determinations from any French tribunal or Court;--- by or for the benefit of Peace United:

> **Granted in part, denied in part.** The April 2021 Ruling is inadmissible hearsay. *See United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994). The public records exception to the hearsay rule does not apply. *See id.* ("[T]he plain language of Rule 803(8)(C) does not apply to judicial findings of fact."). Moreover, the findings in the April 2021 Ruling are highly prejudicial because "[j]udicial findings of fact present a rare case where, by virtue of their having been made by a judgment, they would likely be given undue weight by the jury, creating a serious danger of unfair prejudice." *King v. Cessna Aircraft Co.*, No. 03-20482, 2010 U.S. Dist. LEXIS 53585, at *34 (S.D. Fla. May 6, 2010). In addition, Plaintiff's or its predecessor's use of the trademarks outside of the United States is not admissible to establish priority over the marks. *See Guantanamera Cigars Co. v. SMCI Holding, Inc.*, No. 21-cv-21714, 2022 U.S. Dist. LEXIS 101713, at *10 (S.D. Fla. June 7, 2022) ("It is well settled that foreign use is ineffectual to create trademark rights in the United States." (quoting *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir. 1985)). But the use of the trademarks outside of the United States may be relevant for other purposes; for example, to show the relationship between the parties and how the marks came to be used in the United States.

3. **Request No. 3** – Preclude evidence/testimony/argument of separate damages for the two MY BOYFRIEND IS OUT OF TOWN marks:

   > **Denied.** It is Plaintiff's burden to prove damages at trial for the purported misuse of each of its trademarks. Defendants are free to challenge those calculations at trial.

4.  **Request No. 4** – Preclude evidence/testimony/argument of any breach, liability or infringement of the Baoli SARL – 1906 Collins license agreement or the French judgment in a case for breach of that license:

    **Granted in part, denied in part**. The licensing agreement is relevant to the parties' use of the marks at issue. However, as noted earlier, the April 2021 Ruling is hearsay and inadmissible substantive evidence.

5.  **Request No. 5** – Exclusion of evidence/testimony/argument on actual damages:

    **Denied**. "The use of lost royalties to determine the actual damages incurred by a victim of trademark misuse is well established by this court." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519–20 (11th Cir. 1990).

6.  **Request No. 6** – Exclusion of evidence/testimony/argument by Plaintiff's Damages Expert Viresh Dayal as per the Magistrate's Order April 29, 2022 granting in part Defendants' Motion to Strike Expert [D.E. 298]:

    **Granted**. The parties shall abide by Judge Becerra's April 29, 2022 ruling.

7.  **Request No. 7** – Exclusion of evidence/testimony/argument, including but not limited to documents and audio files produced by Plaintiff's that are in a foreign language not being translated with any certified translator:

    **Granted in part, denied in part**. Any exhibits the parties intend to be introduced at trial that are not originally in English must be accompanied by a certified English translation. *See Rivas-Montano v. United States*, No. 03-cr-47, 2006 U.S. Dist. LEXIS 31893, at *1 (M.D. Fla. May 22, 2006) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." (citation omitted and alteration adopted)). As for documents produced during

discovery, "the general rule is that the requesting party bears the burden of the cost of translating documents produced pursuant to [Federal Rule of Civil Procedure] 34." *Lam Luc v. Korean Air Lines Co.*, 18-cv-5900, 2019 U.S. Dist. LEXIS 226519, at *4 (N.D. Ga. July 9, 2019).

8. **Request No. 8** – Exclusion of evidence/testimony/argument of quality control that exceeds and conflicts with that which was provided in response to Defendants' discovery in the case:

    **Denied**. A motion in limine is not an appropriate vehicle to resolve conflicting evidence. *See Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, No. 02-22555, 2004 U.S. Dist. LEXIS 30763, at *7 (S.D. Fla. Jan. 5, 2004) ("It will the function of the jury to weigh the conflicting evidence and make credibility determinations, with proper instructions from the Court on the applicable law."); *Fox v. Gm Llc*, No. 17-cv-00209, 2019 U.S. Dist. LEXIS 239709, at *35, *41, *47 (denying motion in limines "[b]ecause it is not the function of the Court to weigh and decide conflicting evidence").

9. **Request No. 9** – Exclusion of evidence/testimony/argument of actual confusion that conflicts with that which was produced in discovery and in depositions:

    **Denied**. Actual confusion is a substantive issue in Plaintiff's trademark infringement claims. *See Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172, 2008 U.S. Dist. LEXIS 44417, at *2 (S.D. Fla. June 5, 2000) (explaining that a motion in limine is "not a substitute for a motion for summary judgment"). In addition, as noted earlier, a motion in limine in not an appropriate vehicle to resolve conflicting evidence. *See Arlaine*, 2004 U.S. Dist. LEXIS 30763, at *7; *Fox*, 2019 U.S. Dist. LEXIS 239709, at *35, *41, *47.

10. **Request No. 10** – Exclusion of evidence/testimony/argument relating to the transfer of any assets from Baoli SarL to Peace United in connection with the assignment as Peace United asserted it was not relevant to any claim or defense in discovery responses and conflicts with discovery:

> **Denied**. A motion in limine is not an appropriate vehicle to resolve conflicting evidence. *See Arlaine*, 2004 U.S. Dist. LEXIS 30763, at *7; *Fox*, 2019 U.S. Dist. LEXIS 239709, at *35, *41, *47.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18 day of July, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record